The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARMEL BUTT,

      Plaintiff,

v.

WORLDWIDE FLIGHT SERVICES, INC., *et al.*,

      Defendants.

NO. 24-cv-2162-BJR

**ORDER GRANTING MOTION TO REMAND**

## I.    INTRODUCTION

This personal injury case was originally filed in May 2024 in King County Superior Court and was removed to this Court on December 30, 2024, on the basis of diversity jurisdiction. Notice of Removal 2, ECF No. 1. Currently pending before the Court is Plaintiff Carmel Butt's Motion to Remand, ECF No. 8. Having reviewed the materials[1] and the relevant legal authorities, the Court will grant Plaintiff's motion. The reasoning for the Court's decision follows.

---

[1] Including the motion, ECF No. 8; Defendants' response in opposition, ECF No. 11; and Plaintiff's reply, ECF No. 13; together with attached exhibits.

ORDER GRANTING MOTION TO REMAND

- 1

## II.    BACKGROUND

Plaintiff alleges injuries arising from a work-related incident at Seattle Tacoma International Airport Warehouse No. 1 in May 2021. Compl. ¶¶ 3.1-3.2, ECF No. 1-2. On May 8, 2024, Plaintiff sued Defendants for negligence seeking compensation for an indeterminate sum of general and special damages comprised of medical expenses, out-of-pocket expenses, pain and suffering, past wage loss, loss of future earning capacity, attorneys' fees, and interest. *Id.* ¶¶ 5.1-5.8; 6.1-6.5. Thereafter, Defendant Worldwide Flight Services, Inc. propounded interrogatories and requests for production, and a Request for Statement of Damages to Plaintiff. Notice of Removal 2. Plaintiff provided discovery responses and produced medical records on July 31, 2024, but the responses did not identify a claimed value for damages. *Id.* Plaintiff informed Worldwide that a response to the Request for Statement of Damages was not available due to ongoing treatment including possible neck surgery. *Id.*

Worldwide asserts that it received additional medical records on December 19, 2024, which indicated that Plaintiff had decided to proceed with surgery, and it was only then able to determine that the amount in controversy would exceed $75,000. *Id.* Based on that determination, Worldwide removed the case to this Court on December 30, 2024, pursuant to 28 U.S.C. § 1441(b)(3), because it is an action between citizens of different states, and the amount-in-controversy exceeds $75,000. *Id.* Plaintiff contends that Worldwide had sufficient information to ascertain removability well before December 19, 2024, and thus, removal was untimely. Mot. 2. Plaintiff requests that the Court remand this case back to state court. *Id.*

## III.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove from state court any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C.

ORDER GRANTING MOTION TO REMAND

§ 1447, a plaintiff may then seek to remand such an action to state court on the basis that removal was improper. 28 U.S.C. § 1447(c).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV.    DISCUSSION

At issue in this matter is whether removal was timely under 28 U.S.C. § 1446(b)(3). Generally, a notice of removal must be filed within 30 days after the defendant receives the initial pleading. 28 U.S.C. § 1446 (b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The Ninth Circuit Court of Appeals "established some guiding principles for determining whether 'an amended pleading, motion, order or other paper' starts the clock for the second pathway" to removal. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090–91 (9th Cir. 2021) (citing *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005)). To reinforce those principles, the Ninth Circuit then adopted an explicit

ORDER GRANTING MOTION TO REMAND

- 3

standard—the removal clock does not start until a paper makes a ground for removal "unequivocally clear and certain." *Id.* at 1091.

Plaintiff asserts that on October 18, 2024, she filed and served her Confirmation of Joinder of Parties, Claims, and Defenses, which explicitly stated that the case is *not* subject to mandatory arbitration. Mot. 3 (citing Confirmation of Joinder, ECF No. 1-11). A civil action in King County is subject to mandatory arbitration "if it does not exceed one hundred thousand dollars ($100,000), exclusive of attorney fees, interest and costs." King County Local Civil Arbitration Rule 2.1(a); RCW 7.06.020(1) ("All civil actions, . . . where the sole relief sought is a money judgment, and where no party asserts a claim in excess of . . . up to one hundred thousand dollars, exclusive of interest and costs, are subject to civil arbitration."). Plaintiff contends that the filing thus unequivocally indicated that the amount in controversy exceeds $100,000, giving Worldwide clear and certain notice that the jurisdictional threshold was met and triggering the 30-day removal period under 28 U.S.C. § 1446(b)(3). Mot. 3.

Worldwide received the Confirmation of Joinder and does not dispute that it qualifies as an "other paper" giving rise to a basis for removal. But Worldwide contends that the Confirmation of Joinder is a "form checklist, required by local rule for case scheduling and management," is "not a pleading," and "does not contain a clear statement of damages." Defs.' Resp. 6. Worldwide argues that given the lack of information in discovery responses and no statement of damages, the Plaintiff's claimed damages remained unclear until the receipt of records on December 19, 2024. *Id.* at 6-7. However, even though Plaintiff had not yet provided a statement of damages or discovery records that allowed Worldwide to assess whether claimed damages would exceed $75,000, the Confirmation of Joinder provided an explicit indication that Plaintiff was seeking more than $100,000 in damages. Plaintiff's filing of the Confirmation of Joinder on October 18, 2024 made

ORDER GRANTING MOTION TO REMAND

- 4

the ground for removal "unequivocally clear and certain." As such, the 30-day statutory deadline under § 1446(b)(3) was November 17, 2024, and Worldwide's removal on December 30, 2024 was untimely.

Accordingly, the Court grants Plaintiff's motion and remands this action back to state court.

## V.    CONCLUSION

For the foregoing reasons,

1.   Plaintiff's Motion to Remand to State Court, ECF No. 8, is GRANTED; and

2.   This case is remanded to the King County Superior Court.

DATED this 25th day of March, 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO REMAND

- 5